IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| TAMMY RAMEY and | ) | |
| ERIC RAMEY | ) | |
| 5772 Rockspray Court | ) | |
| Frederick, MD 21703 | ) | |
| Frederick County | ) | |
| Plaintiffs, | ) | CIVIL NO. 1:18-cv-126 |
| vs. | ) | |
| | ) | |
| CONSUMER PORTFOLIO SERVICES, INC. | ) | |
| 3800 Howard Hughes Pkwy | ) | |
| STE 1400 | ) | |
| Las Vegas, NV 89169 | | |

**Serve on:**
THE CORPORATION TRUST,
INCORPORATED
2405 York Road
Suite 201
Lutherville Timonium, MD 21093-2264

Defendant.

## COMPLAINT

Plaintiffs, by and through their undersigned attorney, allege as follows:

### INTRODUCTION

1.     Plaintiffs bring this action pursuant to the Telephone Consumer Protection Act

("TCPA") under 47 U.S.C. §227 et seq., the Maryland Consumer Debt Collection Act

("MCDA") Md. Code Ann., Commercial Law §§ 14-201 to 14-204, the Maryland Consumer

Protection Act ("MCPA") Md. Code Ann., Commercial Law §§ 13-401 to 13-411, the Maryland

Telephone Consumer Protection Act ("MTCPA"),  Md. Code Ann., Com. Law §14-3201 et seq.

to recover actual and statutory damages, reasonable attorney's fees and costs of suit due to

Defendant's unlawful conduct.

## JURISDICTION & VENUE

2.    This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3.    Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the District of Maryland and a substantial portion the events or omissions giving rise to the claims occurred within Maryland.

## PARTIES

4.    Plaintiffs are natural persons residing at 5772 Rockspray Court, Frederick, MD.

5.    Plaintiffs are "persons" as defined by 47 U.S.C. §153(39).

6.    Defendant Consumer Portfolio Services, Inc. is headquartered at 3800 Howard Huges Pkwy, STE 1400, Las Vegas, NV 89169.

7.    Defendant regularly collects and attempts to collect consumer debt in Maryland.

8.    Defendant is a registered debt collector in Maryland.

9.    Defendant is a "person" as defined by 47 U.S.C. §153(39).

## FACTUAL ALLEGATIONS

10.    This action arises out of Defendant's attempts to collect on an alleged consumer debt said to be owed by Plaintiffs.

11.    The debt arose from the purchase of a car which was primarily for family, personal or household purposes.

12.     The debt was purchased, assigned or transferred to the Defendant for collection, or Defendant was employed by the creditor to collect the debt.

13.     Defendant attempted to collect the debt by telephone and by mail and by other means.

14.     In 2017, Plaintiff Tammy Ramey began receiving collection calls to her cellular phone, (301) XXX-3679 from Defendant.

15.     In 2017, Defendant Eric Ramey began receiving collection calls to his cellular phone 240-XXX-2985 from Defendant.

16.     At all times relevant to the instant action, Plaintiff Tammy Ramey was the subscriber, owner, and operator of the cellular phone ending in 3679. Plaintiff Tammy Ramey is and always has been financially responsible for the cellular phone and its services.

17.     At all times relevant to the instant action, Plaintiff Eric Ramey was the subscriber, owner, and operator of the cellular phone ending in 2985. Plaintiff Eric Ramey is and always has been financially responsible for the cellular phone and its services.

18.     Neither Plaintiff gave the Defendant permission to call their cellular phone number.

19.     When Plaintiffs answer calls from Defendant on their cellular phones, there is a significant pause, lasting approximately three to five seconds in length, before Defendant's representative comes on the line.

20.     When the calls began, Plaintiffs told Defendant's representatives to stop calling them.

21.     Despite Plaintiffs' demands to stop, Defendant has continued to call Plaintiffs' cellular phones up until the date of the filing of this action.

22.     Despite knowing the phone numbers of the Plaintiffs, and despite being in contact with the Plaintiffs, Defendant has even called the cellular phone of one of the Plaintiffs' friends asking that person to contact the Plaintiffs and tell them to call the Defendant.

23.    Plaintiffs have been unfairly and unnecessarily harassed by Defendant's actions.

24.    Plaintiffs have suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of their telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on their cellular phones, and diminished space for data storage on their cellular phones.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

25.    Plaintiffs repeat and reallege the above paragraphs.

26.    The TCPA, pursuant to 47 U.S.C. §227(b)(1)(iii), prohibits calling persons on their cellular phones using an automatic telephone dialing system ("ATDS") without their consent.

27.    The TCPA, under 47 U.S.C. §227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

28.    Defendant used an ATDS in connection with its communications directed towards Plaintiffs' cellular phones.  The noticeable pause, lasting approximately three to five seconds in length, which Plaintiffs experience upon answering Defendant's phone calls, is instructive that an ATDS is being utilized to generate the phone calls.   Similarly, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

29.    Defendant violated the TCPA by placing phone calls to Plaintiffs' cellular phone using an ATDS without their consent.

30.    The calls placed by Defendant to Plaintiffs were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

31.     Under the TCPA, pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiffs for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Court's ability to triple the damages to which Plaintiffs are otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

WHEREFORE, Plaintiffs, respectfully request that this Honorable Court enter judgment in their favor as follows:

   a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b.  Awarding Plaintiffs damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

   c.  Awarding Plaintiffs costs;

   d.  Enjoining Defendant from further contacting Plaintiffs; and

   e.  Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE MARYLAND CONSUMER PROTECTION ACT

32.     Plaintiffs repeat and reallege the above paragraphs.

33.     The MCPA states: "A person may not engage in any unfair or deceptive trade practice, as defined in this subtitle or as further defined by the Division, in….(4) The collection of consumer debts." Md. Code Ann., Commercial Law §13-303.

34.     Defendant violated §13-303 by engaging in an unfair and deceptive act or practice in contacting Plaintiffs.  It was unfair for Defendant to relentlessly contact Plaintiffs by an ATDS when they notified it that they did not wish to be contacted.  Defendant ignored Plaintiffs' requests and continued to systematically place calls to their cellular phones without their consent.  Following its characteristic behavior in placing multiple calls to consumers, Defendant

engaged in an unfair and deceptive act, willfully done with the hope that Plaintiffs would be compelled to make payment.

35. Even after demanding that it cease contacting then, Defendant continued to place calls to Plaintiffs' cellular phones and also called one of the Plaintiffs' friends.

36. The MCPA was designed to protect consumers such as Plaintiffs, from the behavior committed by Defendants.

37. The MCPA Md. Code Ann., Commercial Law §13-408 further states:

(a) Actions authorized.- In addition to any action by the Division or Attorney General authorized by this title and any other action otherwise authorized by law, any person may bring an action to recover for injury or loss sustained by him as the result of a practice prohibited by this title.

(b) Attorney's fees.- Any person who brings an action to recover for injury or loss under this section and who is awarded damages may also seek, and the court may award, reasonable attorney's fees.

38. As previously pled, Plaintiffs have suffered actual damages as a result of Defendant's unlawful practices. As such, Plaintiffs are entitled to relief pursuant to the MCPA.

WHEREFORE, Plaintiffs, respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiffs actual damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiffs costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III – VIOLATIONS OF THE MARYLAND DEBT COLLECTION ACT

39. Plaintiffs repeat and reallege the above paragraphs.

40.    The MCDA states that a debt collector may not: "Communicate with the debtor or a person related to him with the frequency, at the unusual hours, or in any other manner as reasonably can be expected to abuse or harass the debtor" Md. Code Ann., Commercial Law § 14-202(6).

41.    The fact that the Defendant contacted the Plaintiffs on their cell phones, in disregard of the TCPA, and after Defendant was told to stop contact, is a violation of the MCDA.

42.    Further, the MDCA, states that a debt collector may not " disclose or threaten to disclose to a person other than the debtor or his spouse … information which affects the debtor's reputation, whether or not for credit worthiness, with knowledge that the other person does not have a legitimate business need for the information" Md. Code Ann., Commercial Law § 14-202(5).

43.    The fact that the Defendant contacted the Plaintiffs' friend in an attempt to embarrass them is a violation of the MCDA.

44.    The MCDA also states that "A collector who violates any provision of this subtitle is liable for any damages proximately caused by the violation, including damages for emotional distress or mental anguish suffered with or without accompanying physical injury. "§14-203.

45.    As previously pled, Plaintiffs suffered actual damages as a result of Defendant's unlawful practices including emotional distress and mental anguish and is entitled to relief pursuant to the MCDA.

WHEREFORE, Plaintiffs, respectfully requests that this Honorable Court enter judgment in their favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Awarding Plaintiffs actual damages, including damages for emotional distress and mental anguish; and

c.  Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT IV – VIOLATION OF THE MARYLAND TELEPHONE CONSUMER PROTECTION ACT MD. CODE ANN., COM. LAW §14-3201 et seq**

46.    Plaintiffs incorporate the foregoing paragraphs as if fully set forth.

47.    Defendant's acts, described in this Complaint, constitute numerous and multiple violations of the TCPA as implemented by the Federal Communications Commission in the Restrictions on Telemarketing and Telephone Solicitations Rule (47 C.F.R. Part 64, Subpart L). 61.

48.    As a result of Defendant's violations of the TCPA, Defendant violated the MDTCPA, Md. Code Ann., Com. Law § 14-3201(2).

49.     Plaintiffs are entitled to $500.00 in statutory damages for each and every call in violation of the of the MDTCPA, pursuant to Md. Code Ann., Com. Law § 14-3202(b)(2)(i).

50.    Plaintiffs are also entitled to an award of attorney's fees, pursuant to pursuant to Md. Code Ann., Com. Law § 14-3202(b)(1), and costs.

WHEREFORE, Plaintiffs respectfully requests the following relief against Defendant:

a.  Statutory damages of $500.00 for each and every call that violated the MDTCPA, pursuant to Md. Code Ann., Com. Law § 14-3202(b)(2)(i);

b.  An award of attorney's fees and costs to counsel for Plaintiff; and

c.  Such other and further relief as the nature of this case may require.

**THE PLAINTIFFS DEMAND A JURY ON ALL COUNTS.**

Dated: January 15, 2018                TAMMY RAMEY and ERIC RAMEY
                                       By Counsel


                                        /s/ Stephen G. Skinner
                                       Stephen G. Skinner
                                       BAR ID: 20220
                                       SKINNER LAW FIRM
                                       PO BOX 487
                                       Charles Town, WV 25414
                                       304-725-7029
                                       sskinner@skinnerfirm.com